**2022-2079**

# United States Court of Appeals
# for the Federal Circuit

---

**RIMCO, INC.,**

Plaintiff-Appellant,

*v.*

**UNITED STATES,**

Defendant-Appellee.

---

Appeal from the United States Court of International Trade,
No. 21-cv-00537, Chief Judge Mark A. Barnett

---

**REPLY BRIEF OF PLAINTIFF-APPELLANT,
RIMCO, INC.**

---

John M. Peterson
  *Counsel of Record*
Patrick B. Klein
NEVILLE PETERSON LLP
55 Broadway Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

Richard F. O'Neill
NEVILLE PETERSON LLP
701 Fifth Ave Suite 4200-2156
Seattle, WA 98104
(206) 905-3648
roneil@npwny.com

March 8, 2023

FORM 9. Certificate of Interest                                    Form 9 (p. 1)
                                                                     July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2022-2079 |
| **Short Case Caption** | Rimco Inc. v US |
| **Filing Party/Entity** | Rimco Inc. |

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/15/2022

Signature: /s/ John M. Peterson

Name: John M. Peterson

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Rimco Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐     Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑   None/Not Applicable                 ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☑   None/Not Applicable                 ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable                 ☐   Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

Save for Filing

## <u>TABLE OF CONTENTS</u>

P<small>AGE</small>

CERTIFICATE OF INTEREST ..................................................................i

TABLE OF CONTENTS.................................................................... ii

TABLE OF AUTHORITIES ............................................................ iii

REPLY BRIEF OF PLAINTIFF-APPELLANT,  RIMCO, INC. ...........................1

ARGUMENT ...........................................................................5

I.      THE CIT INCORRECTLY HELD THAT THIS CASE COULD HAVE BEEN ENTERTAINED UNDER 19 U.S.C. § 1516A AND 28 U.S.C. §1581(C) ...........................................................................5

     A.      Section 776 of the Tariff Act of 1930, as amended by Section 502 of the Trade Preferences Expansion Act of 2015, Effectively Makes Commerce's AFA Determinations Judicially Unreviewable in Actions Commenced under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c).............................................................................7

     B.      Enactment of 19 U.S.C. § 1677e(d)(3) Removed Challenges to AFA Rates from the Scope of 19 U.S.C. § 1514(b)....................................12

     C.      Any attempt by Rimco to obtain an administrative review would have been futile. ...............................................................14

II.     The CIT Has Jurisdiction Over this Case Pursuant to 28 U.S.C. §1581(a) ..17

III.    Alternatively, The Trade Court Could Entertain this Action Under its 28 U.S.C. § 1581(i) "Residual" Jurisdiction .....................................20

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Andrade v. Lauer*, 729 F.2d 1475 (D.C. Cir. 1984)....................................6

*Asociation Comombiana de Exporadores de Flores v. United States*, 916 F.2d 1571 (Fed. Cir. 1990):.............................................17

*Azar v, Ashcroft,* 585 F.3d 599 (2d Cir. 2009).........................................20

*Barron v. Ashcroft*, 358 F.3d 674 (9th Cir. 2004).......................................6

*Carr v. Saul*, 141 S. Ct. 1352 (2021). .....................................................14

*Consol. Bearings Co. v. United States*, 348 F.3d 997 (Fed. Cir. 2003)..................21

*Elgin v. Dep't of the Treasury*, 567 U.S. 1 (2012)....................................14

*Gete v. INS*, 121 F.3d 1285 (9th Cir. 1997) ......................................14, 18

*Johnson v. Robison,* 415 U.S. 361 (1974) .................................................18

*Maroszan v. United States*, 852 F.2d 1469 (7th Cir. 1988) .......................18

*McGrath v. Weinberger*, 541 F.2d 249 (10th Cir. 1976)...........................14

*Nan Ya Plastics Corp. v. United States*, 810 F.3d 1333 (Fed. Cir. 2016). .............10

*Nucor Corp. v. United States*, 414F. 3d 1331 (Fed. Cir. 2005)..........................10

*Nufarm America's Inc. v. United States*, 521 F.3d 1366 (Fed. Cir. 2007) ..............21

*Nufarm America's Inc. v. United States*, 29 C.I.T. 1317 (2005) .........................6

*Oestereichv. Selective Serv. Sys.*, 393 U.S. 233 (1968)....................................15, 18

*Özdemir Boru San to Tic Ltd. Sti v. United States*, 273 F. Supp. 3d 1225 (Ct. Int'l Tr. 2017)...................................................11

*Schreiber v. McCament*, 349 F. Supp. 3d 1063 (D. Kan. 2018)..........................15

*Shinyei Corp. of America v. United States*, 335 F.3d 1297 (Fed Cir 2004) ..........21

*Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). ....................................15

*Swisher Int'l Inc. v. United States,* 205 F.3d 1358 (Fed. Cir. 2000) ........ 4, 6, 20, 21

*Thomson Consumer Elecs. Co. v United States,* 247 F.3d 1210 (Fed. Cir. 2001)....................................................21

*Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994)........................14

*Totes Isotoner Corp. v. United States*, 594 F. 3d 1346 (Fed. Cir. 2010)................21

*United States Shoe Co. v. United States*, 114 F.3d 1564 (Fed. Cir. 1997).............21

*United States v. Bajakajian,* 524 U.S. 321 (1997)....................................10

*Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519 (1978). ..................................................11

*Webster v. Doe*, 486 U.S. 592 (1988) ...................................................14

**Statutes**

19 U.S.C. § 1514 ........................................................................ passim

19 U.S.C. § 1516a ...................................................................... passim

iii

PAGE(S)

19 U.S.C. § 1675 ...................................................................................2, 15
19 U.S.C. § 1677e ................................................................................ passim
19 U.S.C. § 1677m ........................................................................................14
28 U.S.C. § 1581 .................................................................................. passim
28 U.S.C. § 2637 ...........................................................................................17
Section 1001 of the Trade Agreements Act of 1979, Pub. L. 96-39, 96th
  Cong., 1st. Sess., 93 Stat 144 (1979) ...................................................12
Trade Preferences Extension Act of 2015, Pub. L. 114-27, 129 Stat. 362
  (2015) .........................................................................................................7

**Other Authorities**
*Certain Steel Wheels from the People's Republic of China: Final*
  *Determination of Sales at Less-Than-Fair-Value,* 84 Fed. Reg. 11746
  (March 28, 2019). ....................................................................................16
*Certain Steel Wheels from the People's Republic of China: Preliminary*
  *Affirmative Countervailing Duty Determination and Alignment of Final*
  *Determination with Final Antidumping Duty Determination,* 83 Fed. Reg.
  44,573 (August 31, 2018)........................................................................16

**Regulations**
19 C.F.R. § 351.303 .....................................................................................14

**Constitutional Provisions**
U.S. Const. amend. VIII...............................................................................5

2022-2079

# United States Court of Appeals
# for the Federal Circuit

---

**RIMCO, INC.,**

Plaintiff-Appellant,

*v.*

**UNITED STATES,**

Defendant-Appellee.

---

Appeal from the United States Court of International Trade,
No. 21-cv-00537, Chief Judge Mark A. Barnett

---

## REPLY BRIEF OF PLAINTIFF-APPELLANT,
## RIMCO, INC.

Plaintiff-Appellant, Rimco, Inc. ("Rimco") herewith replies to the response

brief of Defendant-Appellee, United States.

This appeal is taken from the decision and judgment of the United States Court

of International Trade ("CIT") in *Rimco, Inc. v. United States*, Slip Op. 22-79

(July 8, 2022), which held that the CIT lacked subject matter jurisdiction under 28

U.S.C. §§ 1581(a) and (i) to hear Rimco's constitutional challenge to the exaction,

by United States Customs and Border Protection ("Customs" or "CBP"), of anti-dumping and countervailing duties claimed to constitute "excessive fines" in violation of the Eighth Amendment to the United States Constitution.

The exactions, at combined rates of as much as 688% *ad valorem*, were based on "adverse facts available" ("AFA") determinations made by the United States Department of Commerce, International Trade Administration ("Commerce" or "ITA"), which directed CBP to exact the duties upon liquidation of Rimco's entries. As discussed herein, Section 776 of the Tariff Act, *as amended* by Section 502 of the Trade Preferences Extension Act of 2015, 19 U.S.C. § 1677e(d)(3), makes Commerce's AFA rate determinations immune from attack by interested parties before that agency, as well as from direct judicial review in a challenge brought pursuant to 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c). Notwithstanding the statute, however, the Trade Court held that Rimco was required to raise its constitutional "excessive fines" claims before Commerce in administrative annual review proceedings held pursuant to 19 U.S.C. § 1675 and, upon conclusion of those proceedings, file suit in the CIT under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c) to seek record review of Commerce's determination.

The Trade Court erred in these holdings, since 19 U.S.C. § 1677e(d)(3) expressly *shields* Commerce from challenges to its AFA dumping and countervailing

duty rates as being excessive. Indeed, given the unique wording of the statute, the Trade Court would be powerless, in a case brought pursuant to its 28 U.S.C. § 1581(c) jurisdiction, to direct Commerce to make a finding as to whether an AFA rate is excessive, much less an unconstitutional "excessive fine."

Second, even assuming Commerce were required to hear Rimco's arguments, participation in the annual review proceeding which gave rise to the challenged assessments was impossible. Commerce published *calculated* AD and CVD rates in its preliminary review decisions, first announcing the AFA rates in the final determination – by which time, the record for review was closed.

With a challenge brought pursuant to 19 U.S.C. § 1516a and 28 U.S.C. § 1581(a) foreclosed, the next question is how Rimco should have brought this constitutional challenge before the Trade Court – under its 28 U.S.C. § 1581(a) "protest" jurisdiction or its 28 U.S.C. § 1581(i) "residual" jurisdiction?

Defendant devotes substantial argument to asserting that Rimco's invocation of the court's 28 U.S.C. § 1581(a) protest jurisdiction was improper, since CBP makes no protestable "decision" when it liquidates an import entry with an unconstitutionally-excessive AD or CVD rate. But this argument overlooks three important facts. *First*, a protest raises a challenge to the liquidation of an entry "including the legality of all orders and findings entering into the same." *See* 19 U.S.C. §

3

1514(a).  Such "orders" in this case include the Commerce-issued liquidation in-structions which CBP carried out in liquidating Rimco's entries.  *Second*, the 2015 enactment of 19 U.S.C. § 1677e(d)(3) removed challenges to application of AFA rates from the scope of 19 U.S.C. § 1514(b), which makes certain Commerce deci-sions non-protestable.[1]  *Third,* Circuit precedent holds that constitutional challenges to the exaction of monies by CBP may be challenged through protest.  *See, e.g., Swisher Int'l Inc. v. United States,* 205 F.3d 1358, 1364-1365 (Fed. Cir. 2000).

Finally, even if the Court concurs with defendant that there was no protestable "decision" of CBP, the consequence would be that the Trade Court must then accept jurisdiction over this action using its 28 U.S.C. § 1581(i) "residual jurisdiction," which empowers the court to hear, *inter alia,* actions concerning the "administration

---

[1] 19 U.S.C. § 1514(b) provides:

**(b)Finality of determinations**

With respect to determinations made under section 1303 [1] of this title or subtitle IV of this chapter **which are reviewable under section 1516a of this title**, determinations of the Customs Service are final and conclusive upon all persons (including the United States and any officer thereof) unless a civil action contesting a determination listed in section 1516a of this title is commenced in the United States Court of Interna-tional Trade, or review by a binational panel of a determination to which section 1516a(g)(2) of this title applies is commenced pursuant to section 1516a(g) of this title.

(emphasis added).

4

and enforcement" of matters embraced in the preceding subsections of that statute. *See* 28 U.S.C. § 1581(i)(4).

The CIT's decision must be vacated, and this action remanded with directions for that court to entertain this challenge either under its 28 U.S.C. § 1581(a) "protest" jurisdiction or its 28 U.S.C. § 1581(i) "residual" jurisdiction.[2]

## ARGUMENT

### I. THE CIT INCORRECTLY HELD THAT THIS CASE COULD HAVE BEEN ENTERTAINED UNDER 19 U.S.C. § 1516A AND 28 U.S.C. §1581(C)

Plaintiff Rimco, Inc., a North Dakota-based importer of *Steel Wheels from the People's Republic of China*, asserts a constitutional injury; the imposition of alleged antidumping and countervailing duties in aggregate amounts as high as 688% *ad valorem*. Rimco contends that these exactions, effected by CBP in the liquidation of Rimco's import entries, constitute "excessive fines" which violate the Eighth Amendment of the United States Constitution.[3]

---

[2] Plaintiff filed this action in the Trade Court in a manner satisfying the procedural requirements of both subsections of the statute.

[3] The Eighth Amendment provides:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

Challenges to the constitutionality of government actions normally constitute an exception to the usual requirement that a litigant exhaust administrative remedies before proceeding to court. *See, e.g., Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Still, in certain cases, parties raising a claim of Constitutional injury may be required to exhaust administrative remedies before seeking judicial review. *See, e.g., Andrade v. Lauer*, 729 F.2d 1475, 1484 (D.C. Cir. 1984).[4] This is more likely to be required in cases of "as applied" constitutional challenges to the action of an agency than in cases where a statute is claimed to be facially unconstitutional. *See, e.g., Nufarm America's, Inc. v. United States*, 29 C.I.T. 1317, 1330 (2005). Rimco pursued administrative remedies here, protesting CBP's liquidation of its import entries (a decision into which Commerce's liquidation instructions merged) and upon denial of its protest, invoking the CIT's 28 U.S.C. § 1581(a) "protest denial" jurisdiction.

It is also the law of this Circuit that, even where exhaustion of administrative remedies is waivable, a litigant is not unsuited because it pursues such remedies. *See, e.g., Swisher Int'l Inc. v. United States,* 205 F.3d 1358, 1364-1365 (Fed. Cir. 2000). Rimco here pursued the 19 U.S.C. § 1514(a) administrative protest remedy

---

[4] The Court in *Andrade v. Lauder* 729 F.2d 1484 (D.C. Cir. 1984) noted:

> Exhaustion of available administrative remedies is in general a prerequisite to obtaining judicial relief for an actual or threatened injury. However, the exhaustion requirement is not in general jurisdictional in nature, but rather must be applied in accord with its purposes.

before coming to court. The question is whether Rimco pursued the correct administrative remedy. But should this Court determine that neither the Commerce review procedure nor the Customs protest procedure was the correct remedial path, it follows that the Trade Court must entertain this action under its 28 U.S.C. § 1581(i) "residual" jurisdiction.

### A. Section 776 of the Tariff Act of 1930, as amended by Section 502 of the Trade Preferences Expansion Act of 2015, Effectively Makes Commerce's AFA Determinations Judicially Unreviewable in Actions Commenced under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c).

The Trade Court held that Rimco should have raised its constitutional claims in the first instance by entering an appearance in the agency's annual reviews of the *Steel Wheels from China* antidumping and countervailing orders, and raising the claims with Commerce. The Court then suggested that, if Rimco were dissatisfied with Commerce's determination, it could raise the matter with the CIT in a record review action commenced pursuant to 19 U.S.C. § 1516a, over which the CIT would have exercised jurisdiction pursuant to 28 U.S.C. § 1581(c).

However, Commerce is by law shielded from having to consider challenges to AFA rates. This is the result of enactment of Section 502(d)(3) of the Trade Preferences Extension Act of 2015, Pub. L. 114-27, 129 Stat. 362 (2015), which is codified at 19 U.S.C. § 1677e(d)(3), and which provides:

**(3) No obligation to make certain estimates or address certain claims**

If the administering authority uses an adverse inference under subsection (b)(1)(A) in selecting among the facts otherwise available, the administering authority is **not required**, for purposes of subsection (c) **or for any other purpose**—

> (A) to estimate what the countervailable subsidy rate or dumping margin would have been if the interested party found to have failed to cooperate under subsection (b)(1) had cooperated; or

> (B) to demonstrate that the countervailable subsidy rate or dumping margin used by the administering authority reflects an alleged commercial reality of the interested party.

*See* 19 U.S.C. § 1677e(d)(3) (emphasis added). To be clear, this remarkable statute, (which authorizes a Federal agency to make taxing determinations free from considerations of "commercial reality"), also shields Commerce from being required to entertain challenges to AFA rates as being excessive.[5] This would certainly include challenges such as Rimco's, which asserts that AFA rates are excessive because they violate the "excessive fines" proscription of the Eighth Amendment.

To be clear, § 1677e(d)(e) states that Commerce has "no obligation" to "address certain claims" relating to AFA determinations, whether those claims are made under 19 U.S.C. § 1677e(c) (requests to corroborate secondary information) or "for

---

[5] If an AFA rate did estimate the rate of a cooperating party, or did reflect a commercial reality of an interested party, that rate would not reasonably be subject to an Eighth Amendment challenge.

8

any other purpose". This would include the present challenge, which alleges the AFA rates exacted are so high as to be unconstitutional "excessive fines."

Accordingly, the Trade Court's conclusion that Rimco was required first to present to Commerce its claims that the AFA rates in question are unconstitutionally excessive is plainly wrong, as a matter of law. Even were Commerce institutionally competent to consider constitutional matters – which it is not – Commerce is by statute immunized from having to consider such claims.[6] There would be no agency determination on the record of a Commerce proceeding concerning the constitutionality of its AFA determination that the Trade Court could review. Indeed, it is questionable whether the Trade Court could, under any circumstances, order Commerce to consider a constitutionally-grounded challenge to an AFA rate. In effect, 19 U.S.C. § 1677e(d)(3) removes Rimco's challenge from the purview of Commerce's decision-making and subsequent pre-enforcement judicial review of Commerce's determination pursuant to 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c).[7] Rimco's challenge must find another pathway to court.

---

[6] Indeed, since the statute effectively precludes challenges to Commerce's calculation of AFA rates, there is no reason to believe that the agency would even consider a constitutional claim such as that brought by Rimco here. It would merely uphold its determination as in conformity with the statute. Commerce's remit does not extend beyond the statute it is charged with administering.

[7] This action is effectively a challenge to the constitutionality of 19 U.S.C. § 1677e(d)(3) as applied.

Separation of power concerns come into play here. The legislative branch has provided by law that Commerce, an Executive Branch agency, may not be required to "address certain claims," namely that AFA rates are excessive. The Trade Court, a unit of the Judicial Branch, would appear to be powerless to order Commerce to consider Rimco's challenge. In this regard, the touchstone of an Eighth Amendment "excessive fines" challenge is the principle of proportionality. *See United States v. Bajakajian,* 524 U.S. 321, 334, 336-37 (1997). An AFA determination divorced from "commercial reality" is presumptively disproportionate to the conduct sought to be addressed by the antidumping and countervailing duty statutes, which are said to be remedial, rather than punitive in nature. *See, e.g., Nucor Corp. v. United States*, 414F. 3d 1331, 1336 (Fed. Cir. 2005).

This Court considered extensively the question of Commerce's obligation to consider "commercial reality" in antidumping determinations in *Nan Ya Plastics Corp. v. United States*, 810 F.3d 1333, 1344-1345 (Fed. Cir. 2016). The Court there noted that Commerce had broad discretion, especially in setting AFA rates, but that such discretion could be constrained by constitutional concerns:

> The court does not use "accurate" and "commercial reality" in some broader sense, such as to require Commerce to apply the statutory methods to determine the industrywide "commercial realities prevailing" during a particular time period. *Albemarle,* 931 F. Supp. 2d at 1292. Nor must Commerce "prove a negative" about a respondent's pricing behavior if that respondent fails to provide evidence that would yield more representative calculations of its pricing behavior, see, e.g., *Home Meridian Int'l, Inc. v. United States*, 772 F.3d 1289, 1295 (Fed. Cir.

2014), for the statute permits Commerce to use adverse facts available in that situation to assign the respondent a margin, 19 U.S.C. § 1677e(b); see also *PSC VSMPO-Avisma Corp. v. United States*, 688 F.3d 751, 760 (Fed. Cir. 2012) (explaining that "***absent constitutional constraints*** or extremely compelling circumstances[,] the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties" (internal quotation marks, brackets, and citation omitted)).

(emphasis added). *See also Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 543-44 (1978).[8]

---

[8] The Trade Court's case law also indicates that administrative challenges before Commerce to the agency's use of AFA rates are, since the enactment of 19 U.S.C. § 1677e(d)(3), essentially futile. In *Özdemir Boru San to Tic Ltd. Sti v. United States*, 273 F. Supp. 3d 1225, 1248 (Ct. Int'l Tr. 2017) the Trade Court rejected a challenge to an AFA rate, stating:

Additionally, Özdemir's commercial reality argument fails because it is contrary to plain statutory language. Özdemir's case law citations, which interpret a prior version of the statute, do not persuade this court to read the current iteration of the statute contrarily to its unambiguous text. Commerce "is not required, for the purposes of subsection (c)," which covers corroboration of secondary information, "or for any other purpose . . . to demonstrate that the countervailable subsidy rate . . . [used] reflects an alleged commercial reality of the interested party." 19 U.S.C. § 1677e(d)(3) (emphasis added). As the current statute disclaims any obligation to consider an interested party's alleged commercial reality "for any . . . purpose," there exists no basis upon which to conclude that such an analysis remains relevant with regard to industry-wide or program-wide considerations, as Özdemir argues. Pl.'s Br. at 32; see *Fresh Garlic Producers Ass'n v. United States*, 39 CIT    ,    , 121 F. Supp. 3d 1313, 1329, SLIP OP. 2015-133 (2015) (comparing TPEA § 502(d)(3), 129 Stat. at 384, with *Gallant Ocean*, 602 F.3d at 1324). Commerce's decision not to rely on an interested party's "alleged commercial reality," § 1677e(d)(3), IDM at 5, when selecting an AFA rate was thus made in accordance with law.

11

This case, however, raises the question of whether constitutional restraints exist – specifically, the Eighth Amendment ban against "excessive fines." The unprecedented latitude accorded to Commerce with respect to AFA determinations in 19 U.S.C. § 1677e(d)(3) must yield to Eighth Amendment constitutional considerations. This is a situation where no deference is due the agency.[9]

The only question is whether it was appropriate for Rimco to raise its challenge by filing a 19 U.S.C. § 1514(a) protest against CBP's collection of the excessive fines in liquidation of an entry and invoke the Trade Court's jurisdiction under 28 U.S.C. § 1581(a), or whether Rimco was required to brings its challenge to the Trade Court under its 28 U.S.C. § 1581(i) jurisdiction. Rimco filed this action in conformity with the procedural requirements of both subsections.

### B.    Enactment of 19 U.S.C. § 1677e(d)(3) Removed Challenges to AFA Rates from the Scope of 19 U.S.C. § 1514(b)

Section 1001 of the Trade Agreements Act of 1979, Pub. L. 96-39, 96th Cong., 1st. Sess., 93 Stat 144 *et seq.* (1979), amended section 514 of the Tariff Act of 1930,

---

[9] The Trade Court has sustained AFA determinations irrespective of commercial reality, holding that they are lawful under the statute, *i.e.*, 19 U.S.C. § 1677e(d)(3). *See, e.g., TT Int'l Co. v. United States*, 439 F. Supp. 3d 1370 (Ct. Int'l Tr. 2020); *Baoding Mantong Fine Chemistry Co. v. United States*, 222 F. Supp. 3d 1231, 1239 (Ct. Int'l Tr. 2017). Neither of these cases raised the constitutional challenge asserted here, however.

19 U.S.C. § 1514, by inserting therein Section 514(b), which rendered certain decisions made by Commerce under the antidumping and countervailing duty statutes final and non-protestable, to the extent those decisions were determinations "reviewable under section 516(a) of this title", *i.e.,* 19 U.S.C. § 1516a. However, the 2015 enactment of 19 U.S.C. § 1677e(d)(3) removed Commerce's setting of AFA rates from judicial review under § 1516a. Commerce is under "no obligation" to "address certain claims" relating to AFA rates, including claims that such rates are excessive because they do not approximate the commercial behavior of a non-cooperative respondent or are divorced from a party's "commercial reality." All of Commerce's AFA determinations are now by definition "in accordance with law."

As Commerce is no longer any obligation to consider arguments that AFA rates are excessive, no render determinations regarding them, judicial review of such decisions under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c) is now foreclosed.

AFA determinations may no longer be challenged as in violation of law. The only remaining basis on which to challenge an AFA determination is that it is unconstitutional, as Rimco has done here. The only remaining issue to be decided is whether it was appropriate for Rimco to raise its claim by protest, so that the Trade Court could decide it under its 28 U.S.C. § 1581(a) jurisdiction, or whether the court should have entertained this action under its 28 U.S.C. § 1581(i) "residual" jurisdiction. There is, of course, a strong presumption that agency actions challenged as

13

unconstitutional are subject to judicial review. *See, e.g., Elgin v. Dep't of the Treasury*, 567 U.S. 1, 35-36 (2012); *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 215 (1994); *Webster v. Doe*, 486 U.S. 592, 603 (1988) ("where Congress intends to preclude judicial review of constitutional claims, its intent to do so must be clear").

### C.    Any attempt by Rimco to obtain an administrative review would have been futile.

Any attempt by Plaintiff to attempt to receive an administrative review determination from Commerce on its Eighth Amendment Claim would have been futile because Commerce lacks the ability to judge the constitutionality of its own determinations. In addition, as an importer Rimco could not contribute to an annual reviews to assist Commerce in calculating the margin of dumping or of countervailable subsides from a foreign country. Commerce looks solely to foreign manufacturers and exporters for such data, which must be submitted to the agency under a certification of accuracy. *See* 19 U.S.C. § 1677m(b), 19 C.F.R. § 351.303(g). As such, any attempt by Rimco to obtain a determination from Commerce that the rates at issue were a violation of the Eight Amendment would have been futile *ab initio*.

The Supreme Court recently said that it "has often observed that agency adjudications are generally ill suited to address constitutional challenges." *Carr v. Saul*, 141 S. Ct. 1352, 1360 (2021). Over the history of administrative agencies many courts have also ruled this issue in the same way. *See McGrath v. Weinberger*, 541 F.2d 249, 252-53 (10th Cir. 1976); *Gete v. INS*, 121 F.3d 1285, 1291 (9th Cir. 1997);

*Schreiber v. McCament*, 349 F. Supp. 3d 1063, 1082 (D. Kan. 2018); *see also Oestereichv. Selective Serv. Sys.*, 393 U.S. 233, 242 (1968) (Harlan, J., concurring). The situation is no different in this case. Commerce lacks the ability to determine the constitutionality of its own actions. Only Courts have such powers.

In considering a similar issue, the Ninth Circuit has noted that "a record of administrative appeal is not germane to the purely legal question of what standard is most appropriate for such hearings." *Singh v. Holder*, 638 F.3d 1196, 1203 fn. 3 (9th Cir. 2011). The scenario in this case is the same; an administrative record from Commerce is not an appropriate way for Appellant's constitutional claims to be heard. The issue is a straightforward legal matter for consideration by a Court.

Furthermore under the statute governing administrative reviews, 19 U.S.C. § 1675(a), Commerce's role in an administrative review is limited to the review and determination of the **amount** of any net countervailable subsidy and the **amount** of any antidumping duties. *See* 19 U.S.C. § 1675(a)(1)(A)-(B). These determinations are based on the information provided by foreign exporters and producers. As a domestic importer, Rimco was powerless to provide any factual information to Commerce that would have prevented the application of AFA by the agency to the foreign companies at issue in this review.

To further the issue of futility, during the agency's preliminary determination in the case regarding countervailing duties, Commerce determined, on the basis of

15

information supplied by one mandatory respondent, Xiamen Sunrise, a calculated a preliminary countervailing duty rate of 58.75% ad valorem for this firm. Commerce therefor posited an "all others" rate of 58.75% ad valorem, which covered shipments from Rimco's suppliers and which was used to calculate provisional duty deposits during the investigation. *See Certain Steel Wheels from the People's Republic of China: Preliminary Affirmative Countervailing Duty Determination and Alignment of Final Determination with Final Antidumping Duty Determination,* 83 Fed. Reg. 44,573 (August 31, 2018).

The issuance of the Final CVD Determination was the first indication that Commerce intended to base the "all others" rate on AFA rate. By the time Commerce had made its determination to drive the "all others" rate unconstitutionally high, the time to submit information to the agency for consideration had long past, as had the time for interested parties to notice an appearance in the review. Any attempt by Rimco to obtain put forth its Eighth Amendment claim to Commerce in the administrative review would have been futile because the agency did not make such a determination until the conclusion of the administrative review.

The antidumping review determination used only AFA rates, which as noted above, are immune from legal attack. *See Certain Steel Wheels from the People's Republic of China: Final Determination of Sales at Less-Than-Fair-Value,* 84 Fed. Reg. 11746 (March 28, 2019).

16

## II.    The CIT Has Jurisdiction Over this Case Pursuant to 28 U.S.C. §1581(a)

The CIT's governing statute gives it the discretion to require the exhaustion of administrative remedies where appropriate. *See* 28 U.S.C. § 2637(d). However, this Court has recognized an exception to the exhaustion requirement in cases where pursuing administrative remedies would be futile or inappropriate. As noted in *Asociation Comombiana de Exporadores de Flores v. United States*, 916 F.2d 1571, 1575 (Fed. Cir. 1990):

> There is a well-settled exception to the exhaustion-of-administrative-remedies doctrine, however, which applies in this case. A party need not exhaust his administrative remedies where invoking such remedies would be futile. *Bendure v. United States*, 213 Ct. Cl. 633, 554 F.2d 427, 431 (1977) ("Courts will, as a general rule, refuse to require administrative exhaustion when resort to the administrative remedy would be futile, including situations where plaintiffs would be 'required to go through obviously useless motions in order to preserve their rights.'") (citations omitted). See also *Cooper v. Marsh*, 807 F.2d 988, 990 (Fed. Cir. 1986) (Plaintiff challenging court martial conviction "need seek review only before military tribunals empowered to provide the remedy sought"); *Randolph-Sheppard Vendors of Am. v. Weinberger*, 254 U.S. App. D.C. 45, 795 F.2d 90, 105 (D.C. Cir. 1986) (referring to "the futility exception to the exhaustion requirement" and quoting the statement by Professor Davis in 3 K. Davis, *Administrative Law Treatise* § 20.07 (1958), that the exception applies where "following the administrative remedy would be futile because of certainty of an adverse decision.").

17

In this case, for Rimco to have presented its challenge administratively before Commerce would have been futile. Indeed, there would be no way in which Commerce could provide Rimco with relief on statutory grounds; the statute, 19 U.S.C. § 1677e(d)(3), effectively shields Commerce from any obligation to consider Rimco's arguments.

However, Rimco is clearly entitled to judicial review of unconstitutional legislation, or of alleged unconstitutional administrative actions taken pursuant to that legislation. *Maroszan v. United States*, 852 F.2d 1469, 1477 (7th Cir. 1988) (citing *Oestereich v. Selective Service Sys.*, 393 U.S. 223, 237 (1968). *See also, Johnson v. Robison,* 415 U.S. 361, 367-68 (1974); *Gete v. INS*, 121 F.3d 1285, 1291-92 (9th Cir. 1977).

To this, the government argues at length that there is no protestable decision by CBP, because certain decisions of the Commerce Department are excluded from protestability. Thus, 19 U.S.C. § 1514(b) provides:

**(b)Finality of determinations**

With respect to determinations made under section 1303 [1] of this title or subtitle IV of this chapter **which are reviewable under section 1516a of this title**, determinations of the Customs Service are final and conclusive upon all persons (including the United States and any officer thereof) unless a civil action contesting a determination listed in section 1516a of this title is commenced in the United States Court of International Trade, or review by a binational panel of a determination to which section 1516a(g)(2) of this title applies is commenced pursuant to section 1516a(g) of this title.

18

(mphasis added) The short answer to this argument is that Commerce's decision to apply an AFA rate is no longer "reviewable under Section 1516a" of Title 19. As noted above, Commerce is under no statutory obligation to entertain arguments that an AFA rate does not reflect "commercial reality" or is a disproportionate measure in response to a party's failure to cooperate in an investigation or review. The CIT is powerless to require Commerce to make such a determination "for purposes of [19 U.S.C. § 1677e](c) or for any other purpose." *See* 19 U.S.C. § 1677e(d)(3). Thus – as a consequence of enactment of Section 502 of the TPEA of 2015 – a challenge to an AFA rate is not a challenge which 19 U.S.C. § 1514(b) prohibits from being raised by protest.

To the extent a protest is a vehicle for challenging CBP's liquidation of an entry, it is an appropriate vehicle for challenging "the legality of all orders and findings entering into" the liquidation decision. 19 U.S.C. § 1514(a). This includes the orders and findings of Commerce which CBP carried out ministerially in liquidating the entry – and which were not within the scope of the protest exemption of 19 U.S.C. § 1514(b).

To be sure, CBP had no institutional competence to hold that Commerce's AFA rates, which CBP executed, were unconstitutional "excess fines" in contravention of the Eighth Amendment. The protest remedy is equally futile. But that does not mean it may not be pursued. Rimco might have bypassed the protest process

19

and presented its constitutional claimed directly to the CIT pursuant to 28 U.S.C. §

1581(i)(4). But it is not unsuited for having followed the protest procedure. *Swisher*

*International Corp. v. United States,* 205 F.3d 1358 (Fed. Cir. 2000); *see also*

*Nufarm's America Inc. v. United States*, 29 C.I.T. 1317 (2005). Where Congress has

selected a remedy for constitutional injuries, courts should defer to its legislative

wisdom. *Azar v, Ashcroft,* 585 F.3d 599, 622 (2d Cir. 2009).

### III. Alternatively, The Trade Court Could Entertain this Action Under its 28 U.S.C. § 1581(i) "Residual" Jurisdiction

Finally, should the Court find that there was no protestable "decision" in this

case, plaintiff would not be unsuited. It would simply mean that the Trade Court

should exercise jurisdiction over Rimco's challenge under its 28 U.S.C. § 1581(i)

"residual" jurisdiction.[10] That provision gives the Court jurisdiction over a wide

range of matters that are not neatly placed into its preceding grants of jurisdiction.

---

[10] 28 U.S.C. § 1581(i) provides:

(1)In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

(A) revenue from imports or tonnage;

(B) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

Just as this Court has held that constitutional challenges may be raised through protest (*see Nufarm America's Inc. v. United States*, 521 F.3d 1366, 1371 (Fed. Cir. 2007); *Swisher International Inc. v. United States*, 205 F.3d 1358 (Fed. Cir. 2000), the Court has also entertained constitutional challenges pursued through the Trade Court's 28 U.S.C. § 1581(i) "residual" jurisdiction. *See Totes Isotoner Corp. v. United States,* 594 F. 3d 1346, 1350-1351 (Fed. Cir. 2010); *Thomson Consumer Elecs. Co. v United States,* 247 F.3d 1210, 1215 (Fed. Cir. 2001); *United States Shoe Co. v. United States*, 114 F.3d 1564, 1569 (Fed. Cir. 1997), aff'd 523U.S. 360 (1998).[11]

Rimco having filed its action in accordance with the procedural requirements of both 28 U.S.C. §§ 1581(a) and (i), this Court should remand this action with instructions for the Trade Court to entertain this action under the appropriate provision.

---

(C) embargoes or other quantitative restrictions on the importat ion of merchandise for reasons other than the protection of the public health or safety; or

(D) administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a)–(h) of this section.

[11] Rimco submits that the protest remedy is available in this action. Should this Court decide, however, that this case is less a challenge to Customs' liquidation decision, and the orders and findings entering into same, and more a challenge to Commerce's liquidation instructions, we note that this Court has ruled that the Trade Court has jurisdiction over challenges to liquidation instructions pursuant to 28 U.S.C. § 1581(i). *See, e.g., Shinyei Corp. of America v. United States*, 335 F.3d 1297, 1305 (Fed Cir. 2004); *Consol. Bearings Co. v. United States*, 348 F.3d 997, 1002 (Fed. Cir. 2003).

## <u>CONCLUSION</u>

For the foregoing reasons, and those set forth in its principal brief, Plaintiff-Appellant Rimco. Inc. respectfully requests this Court to vacate the Judgment and Order of the CIT and to remand this matter for proceedings consistent with this Court's opinion.

Respectfully submitted,

NEVILLE PETERSON LLP

  /s/ John M. Peterson  
John M. Peterson
  *Counsel of Record*
Patrick B. Klein
NEVILLE PETERSON LLP
55 Broadway Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

Richard F. O'Neill
NEVILLE PETERSON LLP
701 Fifth Ave Suite 4200-2156
Seattle, WA 98104
(206) 905-3648
roneil@npwny.com

March 8, 2023

## CERTIFICATE OF COMPLIANCE WITH
## TYPE-VOLUME LIMITATIONS

I hereby certify that the foregoing Reply Brief of Plaintiff-Appellant, Rimco, Inc., complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules. It was prepared using a proportionally-spaced typeface and includes 5,151 words.


               /s/ Patrick B. Klein
                 Patrick B. Klein

March 8, 2023

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2023, I electronically filed the foregoing Reply Brief of Plaintiff-Appellant, Rimco, Inc. with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit through the Court's CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the appellate CM/ECF system.


    /s/ Patrick B. Klein
      Patrick B. Klein

March 8, 2023